**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4272**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

GEORGE LUIS MORALES,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00220-D-13)

Submitted:  January 31, 2022        Decided:  February 17, 2022

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Donna Rainwater, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Morales appeals from his sentence of 12 months and 1 day of imprisonment imposed after his guilty plea to conspiracy to commit interstate transportation of stolen goods, in violation of 18 U.S.C. § 371. The plea agreement included a stipulation that the amount of loss used in the determination of Morales' base offense level would be $58,237.50. At sentencing, the Government mentioned that the presentence report's actual amount of loss attributable to Morales was considerably higher but that the Government nevertheless stood by its stipulation. Morales argues that this amounted to prosecutorial misconduct in breach of the plea agreement and that his attorney was ineffective for failing to note an objection.

To establish prosecutorial misconduct, a defendant bears the burden of showing "(1) the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected [the defendant's] substantial rights so as to deprive him of a fair [sentencing proceeding]." *United States v. Benson*, 957 F.3d 218, 234 (4th Cir.), *cert. denied*, 141 S. Ct. 934, and *cert. denied*, 141 S. Ct. 935 (2020) (internal quotation marks omitted). "We review for plain error a prosecutorial misconduct claim that was not raised or presented to the trial court." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). "In reviewing for plain error, we must affirm unless an appellant can show that (1) an error was made, (2) it was plain, and (3) it affected the appellant's substantial rights." *Id*.

We find that Morales cannot establish error, let alone plain error, because he fails to show that the Government's statement had any impact whatsoever on his sentence. Indeed, the Government specifically stated that it stood by the amount of loss stipulated to

2

in the plea agreement. Therefore, the Government did not breach the plea agreement and did not engage in prosecutorial misconduct.

Turning to Morales' claim that he was deprived of the effective assistance of trial counsel, we typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), unless the record conclusively shows that counsel was ineffective, *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). To demonstrate ineffective assistance of counsel, Morales must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. To satisfy the performance prong, Morales must demonstrate that counsel's performance fell below an objective standard of "reasonableness under prevailing professional norms." *Id.* at 688. In assessing counsel's conduct, this court evaluates it "from counsel's perspective at the time" and applies "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance in order to eliminate the distorting effects of hindsight." *Christian v. Ballard*, 792 F.3d 427, 443 (4th Cir. 2015) (cleaned up). The prejudice prong is satisfied if Morales can demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In this case, because the Government's actions did not breach the plea agreement and hence did not amount to prosecutorial misconduct, counsel's failure to object was not

3

objectively unreasonable. Hence, the record does not conclusively demonstrate ineffective assistance of counsel. Accordingly, we decline to consider this claim.

Finding no reversible error, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*